UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GUARDIAN PIPELINE, LLC,

        Plaintiff,

    v.                                                   Case No. 08-C-28

295.49 ACRES OF LAND
more or less, in Brown Co., Calumet Co.,
Dodge Co., Fond du Lac Co., Jefferson Co.,
and Outagamie Co., WI, et al.,

        Defendants.

**ORDER NOTIFYING DEFENDANTS OF POTENTIAL
SANCTION FOR THREATENING GUARDIAN PERSONNEL
OR OTHERWISE OBSTRUCTING CONSTRUCTION OF THE PIPELINE**

      Plaintiff Guardian Pipeline, L.L.C. ("Guardian") has moved the Court for an order prohibiting the Defendant Landowners from threatening or harassing Guardian employees or contractors, or unreasonably obstructing construction of the Guardian Pipeline. In support of its motion, Guardian asserts that several Defendant Landowners have ordered Guardian survey crew and workers off of their property despite this Court's previous order granting Guardian immediate possession of the land necessary to construct the pipeline authorized by the Federal Energy Regulatory Commission ("FERC"). One Landowner informed one of the surveyors that "some person" was "planning on shooting anyone trespassing" on that person's property. Another Landowner has spread manure on only that portion of the property that had been staked for the pipeline route. Still another Landowner stated that he would be coming by with his tractor, hay

chopper and wagon and would damage Guardian's vehicles if they were still there when he returned. On June 6, 2008, Guardian reports that someone fired four gunshots near a Guardian tree-cutting crew working on one of the tracts involved in the project. Based upon the foregoing allegations, Guardian requests that the Court enter an order advising the Defendants of the possibility of sanctions being imposed for obstructing, harassing, or otherwise improperly interfering with Guardian's construction activities.

Although the Defendants have not yet responded to Guardian's motion, the Court concludes that no response is necessary. Regardless of whether the facts asserted by Guardian in support of its motion are true or not, any Defendant Landowner who threatens, harasses or unreasonably obstructs Guardian in the construction of the pipeline is violating this Court's order granting Guardian immediate possession for purposes of undertaking the construction. Violations of a federal Court's order are subject to sanctions for civil contempt. The Court has "broad discretion to fashion a remedy based on the nature of the harm and the probable effect of alternative sanctions". *Connolly v. J.T. Ventures*, 851 F.2d 930, 933 (7th Cir. 1988). By granting Guardian's motion, the Court is providing notice to all Defendant Landowners of the possible consequences of conduct that is in violation of the Court's order. The Court recognizes that these allegations, assuming they are true, relate to only a small number of Landowners. However, given the conduct described, in particular the allegations that shots were fired in the vicinity of a tree-cutting crew, the Court concludes that such warnings should be given without further delay. Accordingly, Guardian's motion is **GRANTED**. Any Defendants found to have obstructed, harassed, threatened or otherwise improperly interfered with Guardian's construction activities will be found in contempt or subject to other sanctions by the Court, including but not limited to:

1) payment to Guardian of all costs associated with any delays or movement of equipment and personnel resulting from the Defendant's acts;

2) payment to Guardian of all attorneys' fees and expenses incurred as a result of the Defendant's acts;

3) a restraining order restricting the Defendant's activities on the Guardian Pipeline easement while Guardian is engaged in construction and restricting the Defendant's interactions with Guardian personnel; and

4) such other monetary and injunctive relief as the Court deems proper.

In addition to these sanctions for civil contempt, any violations of state or federal criminal law are subject to fine and imprisonment. Counsel for Defendants are instructed to immediately provide each of their clients with a copy of this order. Guardian shall mail a copy to any Defendant not represented by counsel.

**SO ORDERED** this   11th   day of June, 2008.

     s/ William C. Griesbach
     William C. Griesbach
     United States District Judge