UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GUARDIAN PIPELINE, L.L.C., a Delaware
limited liability company,

                Plaintiff,

      v.                                                Case No. 08-C-0028

295.49 ACRES OF LAND, more or less,
in Brown Co., Calumet Co., Dodge Co.,
Fond du Lac Co., Jefferson Co., and
Outagamie Co., WI, et al.,

                Defendants.

### DECISION AND ORDER REGARDING PROCEDURE
### FOR DETERMINING COMPENSATION

In its decision and order of April 11, 2008, the Court rejected the Landowners' contention that Wisconsin law governed the procedure for condemnation under the National Gas Act (NGA), 15 U.S.C. § 717f, and instead concluded that the federal proceedings were governed by Rule 71.1 of the Federal Rules of Civil Procedure. The Court also confirmed the authority of Guardian Pipeline, L.L.C. ("Guardian") to condemn the parcels of land at issue in this action for permanent and temporary easements for the construction of its natural gas transition pipeline and granted an injunction for Guardian to take immediate possession. Before the Court now is the issue of which of the procedures authorized by Rule 71.1(h), jury trial or commission, should be utilized to determine the compensation due the Landowners for the easements needed for the construction and operation of the pipeline. Having reviewed the various proposals submitted by the parties and in

light of the character, location and quantity of the property to be condemned, I conclude that this is an appropriate case for the appointment of a commission.

Rule 71.1(h)(2)(A) provides that "[i]f a party has demanded a jury, the court may instead appoint a three-person commission to determine compensation because of the character, location, or quantity of the property to be condemned or for other just reasons." Guardian has requested that the court appoint a commission in this case because of the large number of properties and parties involved. (Guardian Proposal 2-5.) Defendant Holsum, Inc. also proposes the appointment of a commission. (Holsum Proposal.) In support of its proposal, Guardian claims that a commission would provide the most efficient and cost-effective approach to determining compensation, promote the uniformity and accuracy of the awards, and allow for a degree of flexibility that would best address the many individual valuation issues that may arise. (Guardian Proposal 2-5.) The Court agrees.

This action involves nearly 300 landowners and interested parties and 180 tracts of land spread over approximately 120 miles and six counties. (*Id*. at 3; Third Am. Compl.) The Seventh Circuit has held that the appointment of a commission is preferable to holding many separate jury trials, or one consolidated jury trial, even where far fewer parcels and parties are involved. *See Northern Border Pipeline Co. v. 64.111 Acres of Land in Will County*, 344 F.3d 693, 695 (7th Cir. 2003) (affirming district court judge's decision that "one commission is better than 16 juries. . . . Sixteen trials would be too many . . . and one mega-trial would be too complex." *Id*. at 695.).

Here, as in *Northern Border*, the flexible, less formal nature of commission proceedings will facilitate the evaluation of the circumstances unique to individual tracts of land and reduce the travel expenses and inconvenience that would accompany juror inspection of distant parcels or the

2

attendance of parties at a trial to the court. *See id*; *Guardian Pipeline, L.L.C. v. 950.80 Acres of Land*, 210 F. Supp. 2d 976, 978 (N.D. Ill. 2002) (summarizing potential benefits of a commission described in the Advisory Committee Notes to Rule 71A (now 71.1) and holding that "with so many tracts spread over such a large area, we think a commission is preferable to a multitude of jury trials."). Furthermore, proceedings before a commission are likely to facilitate more consistent awards with respect to the many parcels involved. *United States v Bobinski*, 244 F2d 299, 301 (2nd Cir. 1957) (explaining commission's purpose "to provide some means of insuring uniformity of treatment of property owners in large and far-reaching developments . . . ."). Indeed, the United States Supreme Court has held that "[t]he use of a commission to resolve the issue of just compensation is justified by the facility with which commissioners may inspect the property and a likelihood that uniformity of awards may be realized expeditiously." *United States v Merz*, 376 U.S. 192, 198 (1964), *reh den*, 376 U.S. 973. *See generally* Chase, Roland F., *Appointment, proceedings, and review of Federal Eminent Domain Commission under Rule 71a(h) of Federal Rules of Civil Procedure*, 8 A.L.R. Fed. 180, Pt. II (Thompson/West 2007).

Several Landowners have submitted alternative proposals recommending the use of a single consolidated jury trial to determine just compensation in this matter. They note that in *United States of America v. Theimer*, 199 F.2d 501, 503 (10th Cir. 1952), the Court held that the issue of value should be determined by jury trial "except only in extraordinary and exceptional cases and that the commissioner provision of the Rule should be employed only in exceptional cases where because of peculiar circumstances trial by jury was inadvisable." These Landowners claim that this case is not so extraordinary to merit a commission. (Becker Proposal 1-2.) But in *Theimer*, the federal government sought to condemn one small tract of seventy-one acres and an easement over two other

3

tracts of twelve acres and one acre, respectively, all lying adjacent to the airfield it sought to expand. Describing the case as a simple condemnation proceeding and noting that the district court had made no statement or finding of fact as to what prompted it to conclude that the interest of justice demanded the use of a commission, the Court of Appeals for the Tenth Circuit found that the trial court had abused its discretion. *Theimer* clearly has no application here where some 180 separate tracts located along a 120-mile pipeline route are at issue. Moreover, only six months later, the same court affirmed the appointment of a commission to determine the value of property rights taken from five ranches and several small tracts, finding that the case presented exceptional circumstances warranting appointment of a commission where the ranches were located far from the court, and each varied in its character and use, some to grow various crops, some for livestock. *United States v. Waymire*, 202 F.2d 550, 552 (10th Cir. 1953). The facts of this case are far more supportive of the use of a commission than those of *Waymire*.

Some Landowners argue that the appointment of a commission is likely to give rise to litigation expenses associated with the process for the selection of the commissioners, and that commission proceedings may require certain witnesses, parties, and attorneys to make multiple appearances. (Becker Proposal 2-3.) They also argue that a jury determination provides greater finality, offering fewer grounds to appeal, and results in greater satisfaction on both sides. Based upon these considerations, these Landowners argue that the Court should either conduct multiple jury trials or schedule one trial before a single jury. (*Id.*)

The argument that the use of one or more juries to determine compensation is a more efficient and less costly procedure in cases of this nature finds no support in any of the cases cited by the Landowners. *See United States of America v. 573.88 Acres of Land*, 531 F.2d 847 (7th Cir.

4

1976); *United States of America v. 421.89 Acres of Land*, 465 F.2d 336 (8th Cir. 1972); *Prechter v. United States of America*, 400 F.2d 124 (5th Cir. 1968). It is also contrary to the experience that led to the promulgation of Rule 71.1(h). As is clear from the advisory notes to Rule 71.1, the impetus for authorizing the use of commissions in federal condemnation cases grew out of the experience with legislation involving the Tennessee Valley Authority (TVA) which authorized the use of condemnation commissions. The Advisory Committee concluded from this experience that there were several advantages to the use of commissions, as opposed to juries, in cases involving large projects like Guardian's. Among these advantages, the Committee noted that the commission system (1) provided uniformity of awards that assured landowners they were being treated consistently, which led to faster settlements; (2) allowed landowners to attend proceedings involving their land without traveling large distances to the federal courthouse; (3) avoided the difficulty of transporting jurors long distances to view premises; and (4) reduced the burden on the courts. Rule 71.1, Advisory Committee Notes. More importantly, the use of a commission will allow greater flexibility so as to reduce the litigation expenses Landowners would otherwise incur if their attorneys were charging them for the more extensive preparation required for the formal and time-consuming procedures that are part and parcel of jury trials. As for the suggestion that the Court conduct a single trial involving all of the tracts at issue at which each attorney would be in attendance for the entire length of time required (presumably several months), regardless of which tract was then under consideration, it is hard to imagine a more costly procedure.

      Other Landowners argue that the potential strain on judicial economy posed by the prospect of multiple jury trials is an insufficient basis to deprive the landowners of that procedure and claim that "no other balancing force in the due process arsenal is as effective at creating and generating

5

settlements." (Artesian Springs Proposal 3.) But as already noted, judicial economy is only one, and not even the most important, factor that supports the use of a commission. The costs of litigation to the parties are likely to be significantly lower where instead of conducting a formal jury trial at the federal courthouse in strict accordance with the federal rules of procedure and evidence, the parties are allowed to appear before a commission at a convenient time and place using fair but flexible procedures. Not only the Landowners' own time, but that of their attorneys and expert witnesses, who often charge hourly fees even for travel, will be saved. Finally, the suggestion that a jury trial constitutes the most effective "weapon in the due process arsenal" for "creating and generating settlements" may be true in cases where the possibility of shifting litigation expenses to the condemnor exists. But as noted in the Court's previous order, fee shifting is not provided for under Rule 71.1. Thus, the threat of increased litigation costs, far from constituting a weapon that can be wielded against the condemnor, is, or at least should be, a cause for concern to the individual Landowners who are likely to bear their own litigation costs.

In the last analysis, the Seventh Circuit's approving summary of the several reasons given by the district court for deciding that a commission was the preferable way of determining just compensation in *Northern Borderline Pipeline* represents the clearest and most succinct rejection of each of the arguments advanced by the attorneys for the Landowners in support of their proposal that the issue of compensation be determined by a jury. The Court explained three reasons why the use of a commission was more appropriate:

> First, one commission is better than 16 juries. The owners have been coy about whether they want one jury trial, or one per parcel. Sixteen trials would be too many (other litigants, waiting in the queue to have their own cases resolved, would be sorely inconvenienced), and one mega-trial would be too complex, the judge thought. Second, a commission proceeds less formally than does a trial, so the

> commissioners can visit the parcels and learn facts about them (and their market value) more readily than can a jury, which would sit in Chicago, more than 100 miles from the parcel farthest from the courthouse. Any evidentiary hearings likewise could be conducted near the parcels and so would be more convenient to the parties, counsel, and witnesses. Third, the commission could be (and was) staffed with experts in evaluating market prices for land, while lay jurors likely would be at a loss to evaluate the inevitable disagreement among experts hired by the litigants. Commissions thus are less likely than juries to split the difference in the parties' valuations (a tendency that encourages litigants to take extreme positions in jury trials). Appellate review of the decision to entrust this dispute to a commission is deferential, and we do not see any clear error or abuse of discretion.

344 F.3d at 695. Given the number of tracts and Landowners involved in this case, the reasons for using a commission are far stronger here. To proceed otherwise would, in this Court's view, significantly increase the costs to all parties concerned and lead to unwarranted disparities in compensation awards. It would also constitute an abuse of discretion. Accordingly, the Court will within the next two weeks advise the parties of the identities of the individuals it proposes to name as commissioners and their qualifications pursuant to Rule 71.1(h)(2)(C).

In the meantime, the Court will adopt the parties' recommendation that the commission proceedings begin only after construction of the pipeline is substantially complete, as well as Guardian's proposal that a deadline be set by which the Landowners must inform Guardian of the identity of any tenants or other interested parties who should be joined as defendants in this action in order to ensure that all necessary parties are joined and reduce the chances of additional litigation regarding the appropriation of compensation awards. Also pursuant to Guardian's proposal, the Court will direct the parties to submit their respective positions on the additional procedural and legal issues identified by Guardian in its proposal, including (1) the legal rules that will govern the determination of just compensation; (2) the date that should be used for establishing properties'

7

values; (3) discovery deadlines; (4) deadlines for disclosure of expert reports; (5) rulings on the admissibility of expert testimony; and (6) locations and scheduling of hearings.

The parties should also address the issue of how the individual members of the commission will be paid. Rule 53 of the Federal Rules of Civil Procedure, parts of which are referenced in Rule 71.1, governs the appointment of masters. Rule 53(g) states that the court must fix a master's compensation on the basis of terms stated in the appointing order and authorizes the court to order payment by a party or parties, or from a fund or subject matter of the action within the court's control. Fed. R. Civ. P. 53(g)(1) and (2). With respect to allocating payment between the parties, the Rule requires the court to consider "the nature and amount of the controversy, the parties means, and the extent to which any party is more responsible than other parties for the reference to a master." Fed. R. Civ. P. 53(g)(3). Although Rule 71.1 is itself silent regarding the issue of compensation of commissioners, the approach set forth in Rule 53 for compensating masters who perform a similar function appears reasonable. Applying the considerations set forth therein to this case, the Court is inclined to require the compensation of the individual commissioners, once approved by the Court, to be paid by Guardian. Guardian, after all, initiated the proceeding and will be able to pass on the cost to the users of the pipeline who are the real beneficiaries of the project. But before making a final determination of the issue, the Court will consider arguments to the contrary. The parties should therefore address this issue in their submissions, as well.

**IT IS THEREFORE ORDERED:**

1. The Court will appoint a commission consisting of three persons and one alternate to determine compensation to be paid by Guardian as just compensation to Landowners who do not reach agreement.

2. The Landowners must inform Guardian of the identity of any tenants or other parties who claim or intend to claim any interest in their land that is the subject of this action or any other loss (i.e., crop loss) resulting from the taking thereof on or before July 2, 2008.

3. The parties shall submit written recommendations to the Court on the following procedural and legal issues: (a) the legal rules that will govern the determination of just compensation; (b) the date that should be used for establishing properties' values; (c) discovery deadlines; (d) deadlines for disclosure of expert reports; (e) rulings on the admissibility of expert testimony; (f) locations and scheduling of hearings; and (g) how the individual members of the commission will be paid. Guardian is directed to file its proposal regarding the foregoing issues on or before July 7, 2008. Landowners shall file their response and/or counter proposal on or before July 21, 2008. Guardian shall file its reply, if any, on or before July 28, 2008.

Dated at Green Bay, Wisconsin, this \_\_\_18th\_\_\_ day of June, 2008.

                                          s/ William C. Griesbach
                                          William C. Griesbach
                                          United States District Judge