# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GUARDIAN PIPELINE, LLC,

      Plaintiff,

  v.                                      Case No. 08-C-28

295.49 ACRES OF LAND
more or less, in Brown Co., Calumet Co.,
Dodge Co., Fond du Lac Co., Jefferson Co.,
and Outagamie Co., WI, et al.,

      Defendants.

## ORDER

      Guardian Pipeline, L.L.C. ("Guardian") has filed an expedited motion to amend this Court's order granting it immediate possession of those property interests necessary for the construction of its natural gas pipeline in the above matter, to grant Guardian additional temporary workspaces, each of no more than 65-feet by 25-feet, so that Guardian can install "dewatering structures" necessary to remove large amounts of water that have accumulated in the pipeline trench as a result of recent rainstorms.[1] Guardian has explained that in most cases, such structures must be placed outside of the current easement areas, in order to ensure that the water does not return to the trench and that the workspace surrounding the trench is safe. Guardian notes that the terms of the FERC

---

[1] According to Guardian, "dewatering" is a standard procedure for pipeline construction, whereby water is pumped out of the pipeline trench or other subsurface construction workspace through a hose that leads to a dewatering structure, which is generally a square structure with a perimeter made of hay bales and interior that often includes a filter bag. (Third Decl. of Michael E. Timpson, June 30, 2008, ¶ 6.)

Certificate and Environmental Impact Statement require that it conduct dewatering activities in a manner that does not cause erosion and does not result in heavily silt-laden water flowing into any waterbody, and provide for Guardian to conduct such activity on or off the construction right-of-way. (Second Mot. To Amend ¶ 11.) Guardian affirms that the dewatering structures it proposes to use have been approved for this purpose by FERC-supervised inspectors. (*Id.* ¶ 12.) Guardian has also indicated that although it seeks additional temporary workspaces measuring 65-feet by 25-feet, this is the largest amount of additional space Guardian would need, and it anticipates that most of the dewatering stations will be closer than 65-feet from the edge of the right-of-way, and that many will be smaller than 25-feet wide. (*Id.* 7, n.1.)

Guardian has been unable to predict on which parcels the use of dewatering structures will be necessary, nor the precise number, size, and location of the structures required, because such determinations depend on the amount of rain and quantity of groundwater Guardian encounters in its construction efforts. However, Guardian has provided notice of its motion to those property owners who have appeared in this action, as well as those who have not formally appeared and with whom Guardian has not reached agreement. No landowner has objected to the proposed amendment. Accordingly, Guardian's motion will be granted.

Although they do not object to the proposed amendment, the Artesian Springs LLC defendants have filed a response in which they request that the Court enter an order prohibiting Guardian from future trespass, even if temporary, without prior approval of the Court. (Response, Dkt. # 265, ¶ 2.) These defendants also ask that the Court include in its order a statement that Guardian will be required to compensate defendants for any incidental or consequential damages associated with its activities on their land. (*Id.* ¶ 3.)

Of course, the defendants' interests in preventing unauthorized use of their land are already protected by laws concerning trespass. They have made no showing such protection is inadequate, nor have they provided any justification for the entry of a court order articulating Guardian's obligation to comply with existing law. With regard to the measurement of damages, the Court notes that Guardian itself has submitted proposed instructions to the condemnation commission in which it admits that in accordance with Wis. Stat. § 32.09(6g), compensable damages in this case may include "damages which may arise during construction of the public improvement, including damages from noise, dirt, temporary interference with vehicular or pedestrian access to the property and limitations on use of the property." (Proposed Instructions, Dkt. # 272, ¶ 12.) However, to the extent the defendants seek relief from the Court with regard to these issues, such requests should be brought in the context of a separate motion, rather than in response to an expedited motion, in order to afford Guardian the opportunity to respond.[2]

**THEREFORE IT IS ORDERED** that the Court's order of April 11, 2008 granting Guardian immediate possession of those property interests necessary for the construction of its natural gas pipeline is amended to permit Guardian additional temporary work area easements of 65-feet by 25-feet, running perpendicular to and contiguous with the existing temporary work area easements, where necessary to accommodate dewatering structures.

Dated this  15th  day of July, 2008.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge

---

[2] Local Rule 7.4 governing expedited non-dispositive motion practice does not permit Guardian to file a brief in reply.