UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

GUARDIAN PIPELINE, L.L.C., a Delaware
limited liability company,

          Plaintiff,

v.                               Case No. 08-C-0028

295.49 ACRES OF LAND, more or less,
in Brown Co., Calumet Co., Dodge Co.,
Fond du Lac Co., Jefferson Co., and
Outagamie Co., WI,

          Defendant.

## DECISION REGARDING PROCEDURE
## BEFORE CONDEMNATION COMMISSION

In its Decision and Order of June 18, 2008, the Court directed the parties to submit their respective positions on various procedural and legal issues governing the Condemnation Commission's determination of just compensation for the takings necessitated by the construction of a natural gas pipeline authorized by the Federal Energy Regulatory Commission ("FERC"). The parties have now done so, and it appears that, with a few notable exceptions and subject to the Defendants' general objection to the application of federal, as opposed to Wisconsin, procedural law, they are in agreement as to the procedure and instructions that the Commission should follow in completing its task. This decision will address the areas of disagreement.

**A.  The Application of State Law to Determine Just Compensation.**

The parties generally agree that Wisconsin substantive law governing the measure of just compensation and definitions of property should be applied by the Commission. Guardian,

however, takes the position that Wisconsin substantive law should apply only "to the extent it is not inconsistent with federal law and would not produce an irrational or unfair result." (Reply, doc. # 309, at 2.) Although it is presently unaware of any material conflict between federal and Wisconsin law governing just compensation where the application of Wisconsin law would produce an irrational or unfair result, Guardian notes that the Seventh Circuit has unequivocally stated that "federal law rather than state law governs in federal eminent domain cases." *United States v. Certain Interest in Property in Champaign County*, 271 F.2d 379, 384 (7th Cir. 1959). While it is true that federal courts ordinarily look to State law to determine whether a given object is real property and the measure of its value, Guardian contends that "a federal condemnation court does not necessarily accept every local idiosyncracy or artificiality in a state's concepts, or the incidents thereof." (Reply, doc. # 309, at 2, (quoting *U.S. v. 967,905 Acres of Land,* 447 F.2d 764, 769 (8th Cir. 1971)). Guardian therefore seeks to preserve its right to argue that federal law governs in the event an unexpected issue arises where Wisconsin law conflicts with federal law.

The Defendants contend that Wisconsin's substantive law applies and Guardian's request should be denied. They further argue that under Wisconsin substantive law, attorneys fees and appraisal costs are part of the just compensation to which landowners are entitled in condemnation actions. The Defendants therefore urge the Court to revisit its previous ruling concerning the applicability of Chapter 32 to these proceedings and hold that attorneys' fees and costs of appraisals should be paid by Guardian.

Defendants are simply wrong in their contention that attorneys' fees and appraisal costs are considered part of just compensation for land taken in condemnation proceedings under Wisconsin law. Attorneys' fees and appraisal costs are not part of the compensation for the property interests

2

taken; they are instead litigation expenses incurred in obtaining a judicial determination of just compensation. *See* Wis. Stat. § 32.28(1) ("'[L]litigation expenses' means the sum of the costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees necessary to prepare for or participate in actual or anticipated proceedings before the condemnation commissioners, board of assessment or any court under this chapter."); *see also Martineau v. State Conservation Comm'n*, 54 Wis.2d 76, 85, 194 N.W.2d 664 (1972) (rejecting argument that attorneys' fees are part of just compensation for land condemned). The United States Supreme Court has also addressed the issue:

> This Court has often faced the problem of defining just compensation. One principle from which it has not deviated is that just compensation is for the property, and not to the owner . . . . As a result, indirect costs to the property owner caused by the taking of his land are generally not part of the just compensation to which he is constitutionally entitled. . . .Thus, [a]ttorneys' fees and expenses are not embraced within just compensation . . . .

*United States v. Bodcaw Co.*, 440 U.S. 202, 203 (1979) (internal citations and quotations omitted).

Even under Wisconsin law, attorneys fees are not recoverable in every condemnation case. Litigation expenses are the exception, not the rule, and are awarded in lieu of statutory costs only when the case falls within one of the eight enumerated exceptions set forth in the statute. Wis. Stat. § 32.28(3). As such, reimbursement for such costs constitutes part of the procedural framework that governs the exercise of the power of eminent domain under Wisconsin law. For the reasons set forth in the Court's April 11, 2008 Decision and Order, it has no application here. (Doc. # 171 at 11-12; 26.)

As to Guardian's contention that Wisconsin substantive law may not apply where it conflicts with federal substantive law and leads to irrational or unfair results, there is no need to address it

3

at this point. Guardian concedes that it is unaware of any such conflicts at the present time, and it may be that none arise. The Court declines to issue what would in essence be an advisory opinion on an abstract question of law that may never arise. If such an issue does arise, the Court will be in a position to address it at that time.

**B.     Date of Valuation**

To arrive at just compensation, the Commission must determine the fair market value of the condemned property as of the date of the taking. *Kirby Forest Industries, Inc. v. United States*, 467 U.S. 1, 16 (1984). Neither federal common law, nor the Natural Gas Act identify a date of taking. Under these circumstances, federal courts look to state law to determine the date of taking. *See United States v. Peterson Sand and Gravel, Inc.*, 806 F. Supp. 1346, 1356-57 (N.D. Ill. 1992). The date of taking in Wisconsin for nontransportation eminent domain matters – such as natural gas pipelines – is the date of the filing of a lis pendens against the subject property. Wis. Stat. § 32.06(7). Guardian recommends that this date be used as the date of taking for the property interests at issue here. Some of the Defendants disagree. Some suggest the date of valuation should be the date on which the taking was ordered by the Court. Others suggest it should be the date active operations began on the property and still others suggest the date on which the petition was filed.

The Court agrees with Guardian that the date selected should be (1) easy to determine; and (2) bear some logical relation to Guardian's acquisition of the Landowners' property rights. The date the lis pendens was filed fits these criteria, as does the date the Complaint was filed (or the date on which the property at issue was added in an amended complaint). Since most of the Landowners apparently prefer the later date, and Guardian offers no objection, the date of valuation for each

4

property will be the date the Complaint identifying that property was filed. For most of the property, the date will be January 9, 2008, when the original complaint was filed. For property added to the action by an amended complaint, the valuation date will be the date on which the amended complaint was filed.

**C. Discovery Deadlines**

**(1) Commencement of Discovery.** Discovery shall not begin until the pipeline is placed in service. Guardian shall promptly notify the Court and all parties when that occurs.

**(2) Discovery Deadline.** Discovery shall close 30 days before the date of the hearing before the Commission scheduled for the property. All requests for discovery shall be served at a date sufficiently early so that all discovery is completed by that time.

**(3) Length of Discovery Period.** The discovery period shall be at least 120 days long.

**(4) Witness and Exhibit Lists.** The parties shall exchange lists of witnesses and exhibits expected to be used at the hearing at no later than 60 days before the scheduled hearing date. Absent good cause, witnesses and exhibits not included on the lists shall be excluded.

**(5) Expert Disclosures and Reports.** Guardian requests simultaneous disclosure of expert appraiser reports no later than 60 days before the hearing. As to other experts, since it does not know the nature of their potential testimony, Guardian requests staggered disclosure dates with the Landowners making their disclosure 90 days before the hearing and Guardian making its disclosure 60 days before. Some of the Landowners oppose Guardian's request for simultaneous disclosure of appraiser reports.

The Court concludes that expert appraiser reports should be disclosed simultaneously no later than 60 days before the scheduled hearing. Given the fact that an appraisal is an independent

5

Case 1:08-cv-00028-WCG   Filed 10/28/08   Page 5 of 8   Document 344

evaluation, this Court is in agreement that a simultaneous exchange is appropriate. *Guardian Pipeline, L.L.C. v. 950.80 Acres of Land*, 210 F. Supp.2d 976, 978 (N.D. Ill. 2002). Because the Landowners have knowledge of the unique aspects of their property that could otherwise bear on the issue of just compensation, the disclosure dates for all other experts will be staggered. The Landowners must make their disclosures regarding other experts at not later than 90 days before the scheduled hearing, and Guardian must make its rebuttal expert disclosure not more than thirty days thereafter. Each side shall be limited to one expert appraiser per property, and disclosure of all retained experts shall comply with Fed. R. Civ. P. 26(a)(2)(B).

**D.     Admissibility of Expert Testimony.**

The Federal Rules of Evidence will govern admissibility of expert testimony in this matter. The Court will decide evidentiary issues affecting multiple parties, and the Commission will decide evidentiary issues specific to the particular property before it. Motions in limine challenging the admissibility of expert testimony in all cases shall be filed no later than 45 days before the first scheduled Commission hearing. Responses must be filed no later than 15 days thereafter. If necessary, the Court will thereafter schedule the matter for a hearing.

Once the hearings on just compensation have begun, the Commission will have full authority to rule on the admissibility of evidence, including expert testimony, in accordance with the Court's instructions and prior rulings. In the event additional issues of admissibility of evidence affecting multiple properties arise after the Commission has commenced hearings, either party may seek further rulings.

**E.     Locations and Scheduling of Hearings.**

The Commission is to have wide discretion in determining the locations and scheduling of hearings based on the convenience of the parties and the Commission. The parties are to confer

with one another and attempt to reach agreement on the schedule and location of the various hearings consistent with dates provided by the Commission. The Commission may delegate to any party the responsibility for obtaining suitable facilities for the hearing and a court reporter. The hearings should be held in reasonable proximity to the property at issue and in a neutral setting that is convenient for the Commission, the Landowners, Guardian and the witnesses. Because Guardian, certain Landowners' counsel, experts and the Commission must travel to multiple hearings, the Commission will attempt to schedule hearings for proximate properties on the same or consecutive days.

**F.     Commissioner Compensation.**

Commissioners are entitled to be adequately compensated for the value of their service. As the condemnor, Guardian will pay the Commissioners' reasonable fees and expenses. The Commissioners shall be paid at a rate of $1,000 per day, and $500 per half-day. In the event any party acts in bad faith or engages in unreasonable or vexatious conduct so as to multiply or prolong proceedings, Guardian may seek contribution from the responsible party.

**G.     Instructions to Commission.**

The parties are in general agreement over the instructions to be given the Commission. The Wisconsin Civil Jury Instructions provide a thorough and accurate summary of Wisconsin law on the issue of just compensation in condemnation cases, and the Court has incorporated them where appropriate, as opposed to adopting the summaries offered by counsel.

The Court is in agreement with several of the Landowners that the Commission should issue a written decision on each individual property as it proceeds, rather than issue one comprehensive report for all of the properties after the hearings are complete. Addressing each property in a brief

written decision while the evidence is fresh should make the Commission's task easier than waiting until all of the hearings are completed. In addition, the Court is hopeful that the initial decisions will provide some guidance to the parties that may assist them in settling other cases once they see how the Commission arrives at its decisions. If that occurs, it would result in a significant savings for all concerned. Even if the initial decisions do not lead to settlement of other cases, individual decisions will make the appeal process more efficient since each property is unique and any challenge to the Commission's decision will presumably be specific to the property at issue. Where appropriate, the Court can also entertain a motion to consolidate appeals from separate decisions of the Commission.

## CONCLUSION

Unless otherwise ordered by the Court, the parties are to comply with the above procedures in submitting the issue of just compensation for the property interests taken to the Commission. The Clerk is directed to set this matter for a status hearing within the next thirty (30) days at which time the parties should be prepared to discuss with the Court and the Commission the timing and logistics of the hearings needed to bring this matter to its conclusion.

**SO ORDERED** this      28th      day of October, 2008.

                                                                    s/ William C. Griesbach
                                                                    William C. Griesbach
                                                                    United States District Judge