UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

GUARDIAN PIPELINE, L.L.C.,
a Delaware limited liability company,

        Plaintiff,

v.

295.49 ACRES OF LAND, more or less,        Case No. 08-C-28
in Brown County, Calumet County,
Dodge County, Fond du Lac County,
Jefferson County and Outagamie County,
Wisconsin, et al.,

        Defendants.

## ORDER ON MOTIONS IN LIMINE

This matter came before the Court for a hearing on the plaintiff's Motions in Limine on September 22, 2009. Based upon the briefs filed by the parties and the arguments presented at the hearing, and for the reasons set forth on the record, **IT IS HEREBY ORDERED** that:

1. Expert testimony and other evidence regarding the amounts offered or paid by Guardian to acquire property in anticipation of or during the condemnation proceedings are excluded under F.R. Evid. 402 and 408.

2. Expert testimony or other evidence regarding the replacement value of trees cut down during construction of the pipeline is excluded under the Unit Rule. Under Wisconsin Law, when a tract is taken by eminent domain, the compensation awarded is for the land itself and not for the sum of the different interests therein. *Green Bay Broadcasting Co. v. Redev. Auth. of the City of Green Bay*, 116 Wis.2d 1, 11, 342 N.W. 2d 27, 32 (1983). Under the Unit Rule, there is no separate valuation of the natural attributes of land. *City of Milwaukee Post No. 2874 v. Redev. Auth. City of Milwaukee,* 2009 WI 84, ¶ 39, 307, 768 N.W. 2d 749.

3. Expert testimony or other evidence regarding opinions for the value of temporary easements that are not supported by evidence of reasonable rental value are excluded. In effect, this ruling is intended to mirror the previous ruling to the effect

that amounts offered or paid by Guardian for temporary easements in anticipation of or during the condemnation proceedings are not admissible.

4. Expert testimony and other evidence regarding alleged safety risks associated with natural gas transmission pipelines that have no connection to the value of the properties at issue is excluded. This includes lists of newspaper reports of various natural gas explosions and the following evidence set forth in Kurt Kielisch's report:

- his review of news stories dating back as far as 1996 from such places as Kansas City with headlines such as <u>When Pipelines are Time Bombs</u>;

- reports of congressional hearings about pipeline safety;

- the industries formula for predicting ground zero in the area of land that could be destroyed by pipeline explosion;

- public opinion surveys of real estate agents and home owners in which the respondents were told that the pipeline carries certain risks, including accidental explosions, terrorist threats, tampering, etc.;

- public opinion surveys in which individuals were asked whether they would purchase residential property with a natural gas transmission pipeline on it.

The Court finds that this evidence is not relevant and that, to the extent offered as expert testimony, it does not meet the requirements set forth in *Daubert v. Merrill Dow Pharm. Inc.*, 509 U.S. 579 (1993).

Dated at Green Bay, Wisconsin this ___23rd___ day of September, 2009.

                                                 s/ William C. Griesbach
                                                 William C. Griesbach
                                                 United States District Judge