# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GUARDIAN PIPELINE, L.L.C., a Delaware
limited liability company,

        Plaintiff,

    v.                                                      Case No. 08-C-0028

295.49 ACRES OF LAND, more or less, in Brown Co.,
Calumet Co., Dodge Co., Fond du Lac Co., Jefferson Co.,
and Outagamie Co., WI, et al.,

        Defendants.

## DECISION AND ORDER ADOPTING REPORT OF COMMISSION
## FOR VIOLA T. FAMILY, L.L.C.

On January 20, 2010, the Federal Condemnation Commission of the Eastern District of Wisconsin, Green Bay Division ("Commission") awarded $3,836.00 to the Viola T. Family, LLC ("Landowner") in compensation for the partial taking of a permanent easement by Guardian Pipeline, L.L.C. ("Guardian"). The unanimous decision by the Commission found that the highest and best use of the Landowner's property was agricultural. The Landowner contends that the highest and best use is to sell the land to a developer as development land which, if accurate, would result in a higher award or possible severance damages or costs to cure. This Court adopts the Report of the Condemnation Commission.

**I. LEGAL STANDARD**

This Court appointed a Commission to determine the just compensation due the owners of land over which Guardian Pipeline, L.L.C., has constructed a natural gas pipeline. (Dkt. 342.) This

Court instructed the commission to follow Wisconsin Jury Instruction – Civil 8101, which directs the finder of fact to first determine the fair market value of the entire property immediately before the taking, and then determine the fair market value immediately afterwards. (Dkt. 343.) The Commission was directed to consider the use to which the entire property was put by the owner, or any other use to which it was reasonably adaptable, and to base its determination on the most advantageous use, or highest and best use shown to exist, either on date of evaluation or in the reasonably foreseeable near future after date of evaluation. (*Id.*) Under Wisconsin law the "highest and best use, or most advantageous use, of the entire property is the use to which the entire property could legally, physically, and economically be put on (date of evaluation) or in the reasonably foreseeable future after (date of evaluation). WIS JI-CIVIL 8101 Eminent Domain: Fair Market Value (Partial Taking)  This Court applies a de novo standard of review to the objected to findings of fact and concludes that the highest and best use of the land is agricultural. Fed. R. Civ. P. 53(f)(3).

**II. ANALYSIS**

The land at issue is located in a predominately agricultural area. (Response Brief, Dkt. 559 at 3.) The few residential subdivisions in the area have been void of any significant building or growth activity; one neighboring development has eight lots, none of which have been sold. (Commissioner's Report, Dkt. 524 at 4.)   The town where the subject property is located only issued 10 building permits in 2006, 10 permits in 2007, and 7 permits in 2008 for the entire township. (*Id.*)  Furthermore on the date of the valuation, the subject property was zoned agricultural and was being rented to a farmer for agricultural use. (Resp. Br., Dkt. 559 at 3.) The

2

property immediately to the west of the Viola Property is owned by Brown County and was purchased as a secondary site for a landfill. (*Id.*)

The Landowner argues that: (1) the Commission misunderstood the Landowner's highest and best use argument; and (2) the Commission report is too vague to satisfy the legal requirements for a condemnation commission report.[1] (*See* Dkt. 549.) Neither of these arguments has merit. As to the first argument, the Landowner claims that the subject property's highest and best use is "sale to a developer" rather than for outright development. (*Id.* at 7.) This is a distinction without a difference. The Commission Report makes it plain that the Commission understood that the Landowner's view was that the property's highest and best use was for residential development. The Commission noted that "the landowner has demonstrated the potential for residential development." (Dkt. 524 at 4.) The Commission found that the landowner "failed to show that this potential would be realized within the 'reasonably foreseeable near future' as required by law." (*Id.*) Even if this Court were to adopt the Landowner's position that "sale to a developer" is somehow different from outright development, there is no evidence that a "sale to a developer" is reasonably foreseeable in the near future.

Landowner's second argument that the Commission's report is too vague is equally unconvincing. This Court directed the Commission to file a report, noting that "the report need not be long and detailed, but conclusory findings alone are not sufficient." (Dkt 343 at 3.) The Commission's six page report contains enough detail for this Court to firmly understand the path

---

[1] One additional issue addressed by briefs of both Guardian and the Landowner does not need to be revisited here: this Court has already ruled that the Commission was not allowed to review evidence regarding the amount of Guardian's pre-litigation offer to purchase the easements and fee interest from the Landowner. (Order on Mot. in Limine, Dkt. 484.)

3

of reasoning that the Commission took. The Commission report references the appraisal reports and testimony of multiple appraisers, notes the key economic development factors of neighboring pieces of land, and clearly presents its findings and conclusions. The report includes (1) the Commission's award; (2) the method or standard used to compute the award; (3) the path of reasoning by which the Commission arrived at the award; (4) the line of testimony adopted and why; and (5) the line of testimony rejected and why. Since the Commission found that the highest and best use of the property is agricultural, the Commission appropriately did not devote time to the "cost-to-cure" issues that relate only to residential development use.

**THEREFORE IT IS ORDERED** that this Court adopts the Commission's Report as to the Landowner's property. The Commission's award in the amount of $3,836 is confirmed, together with interest at the legal rate of 5% per annum from January 9, 2008, the date of the taking.

Dated this   22nd   day of July, 2010.

     s/ William C. Griesbach
William C. Griesbach
United States District Judge

4